UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HORACE GRIFFITHS, *pro se*,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　　　　　:　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　-against-　　　　　　　　　　　　　　　　　　　:　　**09-CV-1637 (DLI)**
　　　　　　　　　　　　　　　　　　　　　　　　　:
MICHAEL J. ASTRUE, Commissioner of Social　　:
Security,　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　　　　　　:
----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff Horace Griffiths appealed a decision of the Commissioner of Social Security (the "Commissioner") that he is not disabled under the Social Security Act (the "Act") and therefore not entitled to disability benefits. (*See generally* Compl. 1–3.) Pursuant to Fed. R. Civ. P. 12(c), the Commissioner moved for judgment on the pleadings, seeking affirmation of that determination. For the reasons set forth below, the court grants the Commissioner's motion.

## BACKGROUND

Plaintiff was born on July 3, 1971 in Jamaica, and completed the eleventh grade. (Administrative Record ("A.R.") 35.) After immigrating into the United States in 2001, he spent four to five years stocking and assembling furniture, and subsequently worked as a security guard for approximately one year. (*Id.* at 25–26.) He also performed sporadic maintenance work. (*Id.* at 23–25.) Plaintiff stopped working in March 2006 due to lower back pain. (*Id.* at 27.)

Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. §301 *et seq*, on December 20, 2006,

---

[1] Where a plaintiff proceeds *pro se*, the court reads his submissions liberally and interprets them as raising the strongest arguments they suggest. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

1

alleging a continuous disability, due to lower back pain and a learning disability with an onset date of March 27, 2006. (*Id.* at 104, 120.) Plaintiff's claims were initially denied, and he timely filed for an administrative hearing on September 5, 2007. (*Id.* at 41–49.) The request was granted and plaintiff appeared before Administrative Law Judge ("ALJ") Jane Polisar on September 24, 2008. (A.R. 16–40.) In a decision dated October 6, 2008, the ALJ determined that plaintiff was not disabled within the meaning of the Act because he could perform his past relevant work. (*Id.* at 9–16.) On April 15, 2009, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. (*Id.* at 1.) Plaintiff timely filed the instant action on April 20, 2009.

## **DISCUSSION**

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 1383(c)(3). A district court, reviewing the final determination of the Commissioner, must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

ALJs must apply a five-step inquiry to determine whether a claimant is disabled under the Act as set forth in 20 C.F.R. §§ 404.1520, 416.920. If at any step the ALJ finds that the claimant is either disabled or not disabled, the inquiry ends. First, the claimant will be found not disabled if he or she is engaged in work qualifying as "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the ALJ must consider whether the plaintiff has a "severe impairment" without considering age, education or work experience. Impairments deemed

"severe" significantly limit the claimant's physical or mental "ability to conduct basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, the ALJ will find a claimant disabled if his or her impairment meets or equals an impairment listed in Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant does not have a listed impairment, the ALJ proceeds to steps four and five. In these steps, the ALJ determines the claimant's "residual functional capacity" ("RFC"), or ability to perform work activities despite physical and mental limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). In the fourth step, the claimant is not disabled if he or she is able to perform "past relevant work" either as actually performed or as performed in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f). At step five, the ALJ ascertains whether the claimant can perform any other work existing in the national economy, considering factors such as age, education and work experience. If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(f).

The ALJ correctly followed the five-step procedure in making a determination that plaintiff is not disabled. (A.R. 9–15.) She determined that plaintiff had not engaged in SGA since March 27, 2006, and that plaintiff's chronic low-back pain constituted a severe impairment. (*Id.* at 11.) At step three, the ALJ found that plaintiff's impairments did not meet or equal one of the impairments listed in the regulations; namely, that the requirements under listing 1.04, "Disorders of the Spine," were not met. (*Id.* at 11; *see* 20 C.F.R.§§ 404.1520(d), Subpt. P, App. 1, Pt. A, Sec. 104.) Next, the ALJ found that plaintiff had the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), noting that he would need the option to sit or stand. (A.R.12.) The ALJ thus concluded, based on the evidence, that plaintiff had the RFC to perform his past relevant work as a security guard. (*Id.* at 14.) As discussed below, the ALJ's

determination is supported by substantial evidence.

**1. The ALJ Properly Determined that Plaintiff had a Residual Functional Capacity for Light Work with an Option to Sit or Stand.**

The ALJ's determination that plaintiff had an RFC to perform light work[2] is supported by the medical evidence of record. The ALJ examined the evidence and concluded that plaintiff's sparse treatment records reflect largely negative findings and minimal limitations. (A.R.12–14.) Indeed, plaintiff's condition is intermittent in nature, not associated with neurological defects, and his symptoms appear to be manageable with physical therapy and mild medication. (*Id.* 151–246.) Over the course of two years, plaintiff sought treatment for low-back pain on eight occasions, including five emergency room visits and three rehabilitation appointments. (*Id.* at 151–246.) Although plaintiff was examined by multiple doctors, each visit resulted in near-normal physical examinations.[3] (*See id.*) Plaintiff was prescribed non-steroid anti-inflammatory medication and referred to physical therapy. (*Id.*) Notably, plaintiff attended only three physical therapy sessions prior to his hearing date. (*Id.* at 29–30.) Dr. Tranese conducted a consultative orthopedic examination on August 13, 2007 and noted that, although plaintiff's condition significantly limited his ability to lift heavy objects and made bending, squatting and kneeling difficult, his ability to sit and stand *may be* minimally affected by his low-back pain. (A.R.171–75.) Dr. Tranese also opined that plaintiff could relieve pain through periodic position changes between

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b).

[3] Plaintiff's diagnostic tests indicated moderate degenerative changes due to disc protrusion and degenerative changes to the facet joints of the lower lumbar spine, but plaintiff's sensory and motor functions remained normal and testing revealed no root compression. (A.R. 171–75.)

sitting and standing.[4] (*Id.* 171–75.)

Plaintiff's testimony and statements regarding his daily activities are also consistent with the ALJ's determination. Notwithstanding his assertion of total disability, plaintiff testified that he went outside to visit friends frequently, used public transportation by himself, shopped for his own clothes, helped his girlfriend with housekeeping duties when his back did not bother him, and sometimes prepared his own meals. (*Id.* at 32–35.) He also cared for his three children on weekends. (*Id.*) In fact, the ALJ noted that plaintiff had looked for work since the alleged disability onset date. (*Id.* at 32–35.) Although plaintiff contended that his condition rendered him completely disabled, the ALJ found that his statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent that they were inconsistent with both the medical record and plaintiff's own sworn account of his daily activities. (A.R. 12.) Therefore, the ALJ properly limited the weight of plaintiff's subjective complaints, and found that plaintiff's sworn testimony supported an RFC for light work with the option to sit or stand. (*Id.* at 14.)

Although plaintiff claimed a learning disability due to illiteracy, he was able to read the words "milk," "chicken" and "eggs" in the administrative hearing. (*Id.* at 35–36.) He introduced no evidence corroborating his assertion that he was learning disabled, and therefore failed to demonstrate a medically determinable impairment. (*Id.*) Furthermore, because the ALJ's inquiry ended at step four, plaintiff's educational attainment was not a relevant factor in her determination that plaintiff had the RFC to perform past work. *See* 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3).

---

[4] The ALJ did not consider the "Physical Residual Functional Capacity Assessment", submitted with plaintiff's medical records, because the document was not completed by a physician. (A.R. 14.) The document contains the opinion of a non-medical employee of New York State's Office of Temporary and Disability Assistance. (*Id.* at 176.) In rendering her disability determination, the ALJ may disregard any evidence from a source not listed in 20

**2. The ALJ Properly Determined that Plaintiff Could Perform His Past Relevant Work.**

The ALJ found that plaintiff retained the RFC to perform light work with the option to sit or stand. (A.R. 12.) Considering this RFC, the ALJ then determined that plaintiff could perform his past relevant work as a security guard, as he had performed it. (*Id.* at 14.) In reaching this determination, the ALJ considered plaintiff's sworn description of his duties as a security guard, which consisted of "standing by a desk . . . checking people in and out," with "a stool right there where I could sit, so half the time I could sit on the stool." (*Id.* at 24.) The medical evidence and plaintiff's own testimony regarding his daily activities, discussed *supra*, supports the ALJ's conclusion that he could perform his past relevant work. Thus, the ALJ's determination that plaintiff could perform his past relevant work, and was therefore not disabled, is supported by substantial evidence.

## **CONCLUSION**

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is granted and this action is dismissed.

SO ORDERED

DATED:   Brooklyn, New York
         March 3, 2011

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

C.F.R. § 404.1513. *See Duran v. Comm'r of Soc. Sec.*, 296 Fed. App'x. 134, 136 (2d Cir. 2008).